United States District Court
District of Minnesota

| | |
|---|---|
| Harrison Bullard, | Court file no. _____ |
| Plaintiff, | |
| v. | **Complaint** |
| Convergent Outsourcing, Inc., d/b/a ER Solutions, Inc., | **JURY TRIAL DEMANDED** |
| Defendants. | |

### Introduction

1. Plaintiff is suing the Defendant debt collectors because Defendants harassed Plaintiff with repeated collection robo-calls.

2. Defendants repeatedly utilized a robo caller or automatic dialer to call Plaintiff's cellular telephone, which violated Plaintiff's privacy rights under federal law.

### Jurisdiction

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367 for pendent state law claims, and 47 U.S.C. § 227 for the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is also available pursuant to the TCPA.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 et seq., and common law invasions of privacy in their illegal efforts to collect a consumer debt from Plaintiff.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## Parties

6. Plaintiff Harrison Bullard is a natural person who resides in Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant Convergent Outsourcing, Inc. ("Defendant Convergent") is a Washington corporation that operates from an address of 800 Southwest 39th Street, Renton, WA 98057, Defendant Convergent's registered agent in Minnesota is CT Corporation System Inc., 100 South 5th Street #1075, Minneapolis, MN 55402. Defendant Convergent is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant ER Solutions, Inc. is a registered alias name with the Minnesota Department of Commerce of Convergent Outsourcing, Inc., operating from

the same address, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. All references to "Defendant" or "Defendants" within this Complaint shall refer jointly and severally to both Convergent Outsourcing, Inc. and its Minnesota registered alias name ER Solutions, Inc.

### Factual Allegations

*Background*

10. Defendants attempted to collect from Plaintiff an alleged financial obligation for $1,511 that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, the alleged unpaid balance for services provided by Sprint.

11. This alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

12. Defendants and the collectors employed by Defendants have repeatedly and willfully contacted Plaintiff on his cellular telephone and each contact was a "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and violations of the FDCPA and TCPA.

13. Defendants and the collectors employed by Defendants have repeatedly and willfully left automated and pre-recorded voicemails with Plaintiff

that were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and violations of the FDCPA and TCPA.

*Defendants Harass Plaintiff During a Phone Call*

14. On or about March 6, 2012, Plaintiff received a call from Defendants in an attempt to collect the debt, this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. This call came in from a telephone number shown on caller ID as (800) 759-9854.

16. The caller asked if they were speaking to Harrison Bullard, or words to that effect.

17. Plaintiff confirmed that it was him, or words to that effect.

18. The caller then requested that Plaintiff provide his social security number, or words to that effect.

19. Concerned about an unknown individual who was requesting his social security number, Plaintiff asked the caller to state Plaintiff's social security number and he would confirm it, or words to that effect.

20. The caller then hung up.

21. This call was an illegal attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not

limited to 15 U.S.C. §§ 1692d, 1692e, and 1692e(10), amongst others, as well as violations of the TCPA.

*Telephone Consumer Protection Act*

22. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

23. At all times relevant to this complaint, Defendants owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

24. Defendants, at all times relevant to the complaint herein, engaged in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

25. Defendants, at all times relevant to the complaint herein, engaged in "interstate communications" by the TCPA 47 U.S.C. § 153(28).

26. At all times relevant to this complaint, Defendants have used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

27. At all times relevant to this complaint, Defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

*Illegal Auto-Dialed Collection Calls in Violation of the TCPA and FDCPA*

28. Within one (1) year immediately preceding the filing of this lawsuit, Defendants telephoned Plaintiff's cellular phone on numerous occasions, and have left messages on Plaintiff's answering service, in violation of the TCPA.

29. Plaintiff never provided his cell phone number to Defendants, nor has he consented to calls from Defendants on that number.

30. Without Plaintiff's prior express consent, Defendants and their collectors repeatedly called Plaintiff on his cell phone number using an automatic telephone dialing system to call his cell phone in an attempt to collect this alleged debt.

31. During at least one call, Plaintiff heard a message from Defendants telling him to please wait until the call was connected to a representative, or there was a long silent pause before they disconnected the call. These calls came in from a telephone number shown on caller ID as (800) 759-9854.

32. During other times when Plaintiff did not answer these calls, Defendants would leave an automated message that in part indicated that they were a debt collector and instructed them to call Defendants back. These calls came in from a telephone number shown on caller ID as (800) 759-9854.

33. Defendants' messages to Plaintiffs were from a prerecorded and/or synthesized computer voice. The messages requested that Plaintiff call Defendants at telephone number (800) 477-5451.

34. The aforementioned calls from Defendants were sent to Plaintiff in willful violation of the TCPA and the FDCPA because Defendants never obtained Plaintiff's prior express consent, and had no basis to believe that it had Plaintiff's prior express consent.

35. Defendants' repeated autodialed collection calls to Plaintiff's cell phone, within the last one (1) years prior to filing this complaint, were illegal attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(10), and 1692f, amongst others.

36. Defendants' repeated autodialed collection calls to Plaintiff's cell phone, within the last one (1) year prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 et seq.

*Excessive and Repeated Auto-Dialed Calls*

37. The calls specifically alleged below are only a sampling of the calls Plaintiff received from Defendants.

38. On or about April 6, 2012, Plaintiff received numerous calls from Defendants in an attempt to collect the debt, each of which was a

"communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

39. Plaintiff received at least thirteen (13) calls on April 6, 2012, each call coming from a telephone number shown on caller ID as (800) 759-9854.

40. The above-described calls from Defendants were sent to Plaintiff in willful violation of the TCPA and the FDCPA because Defendants never obtained Plaintiff's prior express consent, and had no basis to believe that it had Plaintiff's prior express consent.

41. Defendants' repeated autodialed collection calls to Plaintiff's cell phone, within the last one (1) years prior to filing this complaint, were illegal attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(10), and 1692f, amongst others.

42. Defendants' repeated autodialed collection calls to Plaintiff's cell phone, within the last one (1) year prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 et seq.

*Summary*

43. All of the above-described collection communications made to Plaintiff by Defendants and other collection employees employed by Defendants, were made in violation of numerous and multiple provisions of the FDCPA,

including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of their privacy by the use of repeated calls.

44. Defendants' actions as described herein left Plaintiff feeling upset, frustrated, and angry from the persistent and intrusive telephone calls by Defendants.

45. Defendants' actions as described herein interrupted and interfered with Plaintiff's work during his regular business hours.

46. Defendant's' persistent autodialed calls eliminated Plaintiff's right to be left alone.

47. These persistent autodialed collection calls eliminated the peace and solitude that Plaintiff would have otherwise had.

48. Defendants' actions constituted unauthorized use of, and interference with Plaintiff's cellular phone service associated for which Plaintiff paid money.

## Respondeat Superior Liability

49. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Convergent d/b/a Defendant ER Solutions.

50. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Convergent d/b/a Defendant ER Solutions in collecting consumer debts.

51. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Convergent d/b/a Defendant ER Solutions.

52. Defendant Convergent d/b/a Defendant ER Solutions is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

### Trial by Jury

53. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

### Causes of Action

**Count 1:
Violations of the Fair Debt Collection Practices Act
15 U.S.C. §§ 1692 et seq.**

54. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

55. The foregoing intentional and negligent acts and omissions of Defendants and their agents, within the last one (1) year immediately preceding the filing of this Complaint, constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p, with respect to Plaintiff.

56. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

## Count 2:
## Violations of the Telephone Consumer Protection Act
## 47 U.S.C. §§ 227 et seq.

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Within the one year period immediately preceding this action, Defendants made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

59. The acts and or omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

60. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

61. Defendants did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

62. Defendants made such calls willfully.

63. Under the 47 U.S.C. Section 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

64. Defendants willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

65. Plaintiff is entitled to injunctive relief prohibiting Defendants from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## Count 3:
## Invasion of Privacy by Intrusion Upon Seclusion

66. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

67. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

    **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

    15 U.S.C. § 1692(a) (emphasis added).

68. The Honorable Court of Appeals for the 8th Circuit recently held that violations of the TCPA were violations of a consumer's right to privacy:

    We conclude that the ordinary meaning of the term "right of privacy" easily includes violations of the type of privacy interest protected by the TCPA. Our court has previously stated that violations of the TCPA are "'invasions of privacy' under [the] ordinary, lay meaning[] of the[] phrase[].

    *Owners Ins. Co. v. European Auto Works, Inc.*, ___ F.3d ___, No. 11–3068 (8th Cir., September 17, 2012) *citing Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005).

69. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting contacting Plaintiff on his cellular telephone without his permission, and thereby invaded Plaintiffs' privacy.

70. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

71. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

72. The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

73. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

**Prayer for Relief**

**Wherefore**, Plaintiff prays that judgment be entered against each Defendant for:

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- for such other and further relief as may be just and proper.

### Count 2:
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendants and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendants and for Plaintiff;

- for an injunction prohibiting Defendants from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a); and

- for such other and further relief as may be just and proper.

## Count 3:
## Invasion of Privacy by Intrusion Upon Seclusion

- For an award of actual damages from Defendants for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasion of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: February 6, 2013

s/Randall P. Ryder
Randall P. Ryder (#389957)
2701 University Avenue SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3247
e-mail • email@theryderlawfirm.com

Attorney for Plaintiff

## Verification of Complaint and Certification

STATE OF MINNESOTA      )
                        ) ss
COUNTY OF HENNEPIN      )

Pursuant to 28 U.S.C. § 1746, Plaintiff Harrison Bullard having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: Feb 01, 2013

Harrison Bullard